UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THREE RIVERS ARCHERY SUPPLY, INC., et al., )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>PARKER COMPOUND BOWS, INC., )<br>)<br>    Defendant. ) | CAUSE NO. 1:12-CV-390 |

## OPINION AND ORDER

Before the Court is a Joint Motion for Protective Order (Docket # 22) seeking the approval of a proposed Agreed Protective Order submitted by the parties pursuant to Federal Rule of Civil Procedure 26(c). As the proposed order is deficient in several ways, it will be DENIED.

First, the proposed order, which appears to extend beyond solely the discovery phase of the proceedings (*see* Proposed Agreed Protective Order ¶ 7), incorporates several "fudge" terms ("containing" or "in good faith believes") that make the proposed categories overly broad. (Proposed Agreed Protective Order ¶ 3); *see Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999) (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency). The Seventh Circuit Court of Appeals has repeatedly held that overly broad protective orders are invalid. *Cincinnati Insurance*, 178 F.3d at 945.

And the proposed order fails to adequately explain why the material it seeks to protect (for example, "marketing documents for television sponsorships," "invoice for radio marketing," "general marketing expense information," "sales documents") is confidential.  "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard*, 2003 WL 1702256, at *1 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).  In that regard,

> "Non-public" is too vague.  If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . .  If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available.  They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001).  For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248 (emphasis in original).

Also, the proposed order should seek to narrowly protect any confidential material through a mandatory method of redaction, rather than provide for filing entire documents under seal. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only

portions of the document). The proposed order should provide for the contemporaneous public filing of a redacted version of the document (in which only the actual confidential material is redacted) when an unredacted version is filed under seal.

Moreover, paragraph 10 suggests that an order of the Court can be modified merely by a writing between the parties. Of course, that is inaccurate.

Finally, paragraph 13 states that the obligations imposed by the order "shall survive and remain in full force and effect after the termination of this lawsuit." But the Court is unwilling to enter a protective order that suggests that the Court retain jurisdiction of any kind after the resolution of the case. *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc*., No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945-46. The Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Id*. "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property . . .

." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.  For these reasons, the Court DENIES the Joint Motion for Protective Order (Docket # 22).  The parties may, however, file a motion seeking approval of a revised protective order that cures the identified deficiencies and is consistent with the requirements of Federal Rule of Civil Procedure 26(c)(1) and Seventh Circuit case law.

SO ORDERED.

Enter for this 24th day of February, 2014.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
