**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **THREE RIVERS ARCHERY SUPPLY, INC.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:12-CV-390** |
| | ) | |
| **PARKER COMPOUND BOWS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is the parties' second joint motion for protective order (Docket # 28),

seeking the approval of a revised proposed Protective Order pursuant to Federal Rule of Civil

Procedure 26(c). As the proposed order is still deficient in several ways, it will be DENIED.

First, a protective order must extend only to "properly demarcated categor[ies] of

legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins.*

*Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (noting that a broad protective order granting carte

blanche discretion to a party is invalid); *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-

C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order

because categories of protected information were overly broad and vague); *Cook Inc. v. Boston*

*Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi*, 180 F.R.D.

338, 342 (N.D. Ill. 1998).

Although the proposed order includes several demarcated categories of protected

information in the definition of "Confidential" (Proposed Protective Order ¶ 8(b)-(d)), it also

incorporates one vague and overly-broad category:

> [A]ll . . . material or information . . . that constitutes trade secrets, as that terms is defined by law, as well as sensitive, confidential, or proprietary technical, business or financial information which gains value from not being generally known or the disclosure of which would harm the business or reputation of the Producing Party, or other information that the Producing Party reasonably believes is confidential or otherwise qualifies for protection under Federal Rule of Civil Procedure 26(c) . . . .

(Proposed Protective Order ¶ 8(a).)  The foregoing category renders the proposed demarcated categories ineffective.  The Seventh Circuit Court of Appeals has repeatedly held that overly-broad protective orders are invalid. *Cincinnati Insurance*, 178 F.3d at 945.

Moreover, the proposed order still incorporates several "fudge" terms ("act in good faith," "reasonably believes," "includes," "believes," and "exercise good faith"), which compounds the problem. (Proposed Agreed Protective Order ¶¶ 7, 8); *see Cincinnati Insurance*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Also, paragraph 23 of the proposed order articulates that after the conclusion of the litigation, information "filed with the [C]ourt . . . may be destroyed or deleted from the Court's CMIECF system."  This provision is unacceptable; once a document is filed with the Court, it remains part of the record.

To reiterate, "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945-46.  The Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that

should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Id*.

Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as

well as adherence to the other limitations the Seventh Circuit has emphasized apply to such

orders." *Shepard*, 2003 WL 1702256, at *2.

For these reasons, the Court DENIES the second joint motion for protective order.

(Docket # 28.)  The parties may, however, file a motion seeking approval of a revised protective

order that cures the identified deficiencies and is consistent with the requirements of Federal

Rule of Civil Procedure 26(c)(1) and Seventh Circuit case law.

SO ORDERED.

Enter for this 5th day of May, 2014.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge